# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HOLIDAY HOSPITALITY FRANCHISING, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION FILE NO.: ) ) |
| RHI HOTEL JV LLC and SETH OLIVER, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

NOW COMES Plaintiff Holiday Hospitality Franchising, LLC ("Plaintiff", "Licensor", or "HHFL"), and respectfully alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. HHFL is a limited liability company, and its sole member is Six Continents Hotels Inc. Six Continents Hotels is a Delaware corporation with its principal place of business in Atlanta, Georgia. Thus, for purposes of diversity jurisdiction, HHFL is a citizen of Delaware and Georgia.

2. Defendant Seth Oliver is an individual citizen of Minnesota.

3. Defendant RHI Hotel JV LLC ("RHI") is a limited liability company. Based on the information RHI provided to HHFL at the time it entered into the License Agreement (defined below), and upon information and belief, for purposes

1

of diversity jurisdiction, RHI is a citizen of California, Illinois, and Minnesota. In particular, RHI has four members, which are all limited liability companies: (i) OG Rochester LLC; (ii) Rochester Hotel QP, LLC; (iii) Rochester Hotel, LLC, and; (iv) Broadway Third, LLC.

 i.  OG Rochester LLC has three members: (a) TSBD Capital Management, Inc., a California corporation with its principal place of business in California; (b) Oliver REH LLC, which has only one member, Defendant Oliver, an individual citizen of Minnesota, and; (c) Reff & Givertz Properties, LLC, which has nine Trusts as members. Upon information and belief, each of those nine trusts are citizens of California.

 ii. Rochester Hotel QP, LLC's sole member is SBM Equity, LLC, which has four members: (a) SNJ Management, LLC, which has only one member, Sherwin Jarol, an individual citizen of Illinois; (b) MHS Management, LLC, which has only one member, Michael Siemar, an individual citizen of Illinois; (c) BMJ Investment Holding, LLC, which has only one member, Bradley Jarol, an individual citizen of Illinois, and; (d) VJP Management LLC, which has only one member, Luke Pascale, an individual citizen of Illinois.

 iii. Rochester Hotel, LLC has two members, Ebrahim Nakhjavani, an individual citizen of California, and SBM Equity, LLC. SBM Equity has four members: (a) SNJ Management, LLC, which has only one member, Sherwin Jarol, an

individual citizen of Illinois; (b) MHS Management, LLC, which has only one member, Michael Siemar, an individual citizen of Illinois; (c) BMJ Investment Holding, LLC, which has only one member, Bradley Jarol, an individual citizen of Illinois, and; (d) VJP Management LLC, which has only one member, Luke Pascale, an individual citizen of Illinois.

iv. Broadway Third, LLC has only one member, Ebrahim Nakhjavani, an individual citizen of California.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and it is between citizens of different states.

5. This Court has personal jurisdiction over Defendants RHI and Oliver (collectively, "Defendants") for purposes of this action pursuant to the Georgia long arm statute, O.C.G.A. § 9-10-91. In entering into and performing under the License Agreement and the Guaranty (as defined below), Defendants transacted business in Georgia and benefited from the services of HHFL, which is domiciled in Georgia. Defendants reached out and sought to enter and did enter long-term agreements with HHFL, an entity they knew was headquartered in Atlanta, DeKalb County, Georgia. Moreover, the License Agreement specifically stated "[i]t shall be deemed made and entered into in the State of Georgia." License Agreement, ¶ 14.B(i).

6. Additionally, this Court has personal jurisdiction over Defendants because, in the License Agreement (as defined below), Defendant RHI "expressly and irrevocably submit[ted] itself to the non-exclusive jurisdiction of the U.S. District Court for the Northern District of Georgia, Atlanta Division and the State and Superior Courts of DeKalb County, Georgia for the purpose of any and all disputes." Similarly, in the Guaranty (as defined below), Defendant Oliver, as Guarantor, "consent[ed] and submit[ted], . . . to the personal jurisdiction and venue of any courts (federal, superior, or state) situated in the County of DeKalb, State of Georgia." License Agreement, ¶ 14.B(i).

7. Venue is proper in this Court pursuant to pursuant to 28 U.S.C. § 1391(b). Venue is also proper in this Court because Defendant agreed in the License Agreement and the Guaranty to submit to the venue of "the U.S. District Court for the Northern District of Georgia, Atlanta Division." License Agreement, ¶ 14.B(i).

**FACTUAL BACKGROUND**

8. HHFL and certain of its affiliates develop and operate (among other things) the Hotel Indigo® hotel system, which includes without limitation, the Hotel Indigo® trademark and intellectual property, as well as related services and standards (collectively, the "System"). The System is designed to provide distinctive, high-quality hotel services to the public under the well-established Hotel Indigo® brand. HHFL licenses the Hotel Indigo® System to licensees in exchange for the

payment of royalties and other fees. HHFL, along with certain of its affiliates, does business as IHG® Hotels & Resorts.

9. HHFL entered into a certain Hotel Indigo® Change of Ownership/Brand Change License Agreement with Defendant RHI, dated March 21, 2018 (together with any amendments, modifications, and extensions thereof or thereto, the "License Agreement"), for the operation of a Hotel Indigo® brand hotel located at 220 South Broadway Avenue, Rochester, Minnesota 55904 (the "Hotel"). A true and correct copy of the License Agreement with attachments is attached hereto as Exhibit A and is incorporated herein.

10. Pursuant to the License Agreement, HHFL agreed to license to RHI the use of the System (as that term is defined in the License Agreement) in the operation of the Hotel.

11. Paragraph 12 of the License Agreement provides that the License Agreement is for a term of twenty (20) years.

12. Paragraph 12 of the License Agreement explains that the twenty (20) year term began on the date that the Hotel was converted from a Holiday Inn and HHFL authorized RHI to operate as a Hotel Indigo (known as the "Brand Conversion Date"). At all times relevant to this action, the License Agreement has been in effect and continues to be in effect through the time of filing this Complaint.

13.     Paragraph 3.A.(17) of the License Agreement provides that, during the term of the License Agreement, RHI will "promptly pay to [HHFL] all amounts due [HHFL], its parents, subsidiaries and affiliates as royalties, or charges, whether or not arising out of [the License Agreement], or for goods or services purchased by [RHI] for use at the Hotel."

14.     Paragraph 3.B of the License Agreement outlines the amounts that are due to HHFL each month during the term of the License Agreement (collectively, the "System Fees"). These System Fees include but are not limited to Royalties, Services Contributions, Technology Fees, etc.

15.     Pursuant to Paragraph 14.J of the License Agreement, RHI agreed to pay HHFL "all expenses, including reasonable attorneys' fees and court costs, incurred by [HHFL], its parents, subsidiaries, affiliates, and their successors and assigns, to remedy any defaults of or enforce or defend itself or any rights under th[e] License [Agreement] (including without limitation any claim, cross claim, or counter-claim brought by [RHI]), effect termination of th[e] License [Agreement] or collect any amounts due under th[e] License [Agreement]."

16.     As an inducement to HHFL to execute the License Agreement, Defendant Oliver, as "Guarantor," executed a Guaranty, effective as of March 21, 2018. A true and correct copy of the Guaranty is attached hereto as Exhibit B and is incorporated herein by reference.

17. Pursuant to the Guaranty, Defendant Oliver "jointly and severally . . . guarantee[d] that all of [RHI's] obligations under the [License Agreement] . . . will be punctually paid and performed." Additionally, pursuant to the Guaranty, Defendant Oliver agreed that, "[u]pon default by [RHI] and notice from [HHFL], the undersigned will immediately make each payment and perform each obligation required of [RHI] under the License [Agreement]."

18. Additionally, pursuant to the terms of the Guaranty, Defendant Oliver "agree[d] to pay [HHFL] all expenses, including reasonable attorneys' fees and court costs, which are actually incurred by [HHFL], its parents, subsidiaries, affiliates, and their successors and assigns, to remedy any defaults of or enforce any rights under th[e] Guaranty or the License [Agreement], effect termination of th[e] Guaranty or the License [Agreement], or collect any amounts due under th[e] Guaranty or the License [Agreement]."

19. The License Agreement and Guaranty each provide that they are governed by Georgia law.

20. RHI has consistently failed to comply with its financial obligations to IHG. Each such failure constitutes a breach of the License Agreement. By letter dated May 9, 2025, RHI was placed in default under the License Agreement, and HHFL gave RHI the chance to rectify the situation by paying the full amount owed by July 8, 2025. Attached as Exhibit C is a true and correct copy of HHFL's letter

7

addressed to RHI (with Oliver in copy) dated May 9, 2025, providing notice of RHI's breaches and demanding the then-due amount of $266,349.25, as well as any amount that subsequently became due under the License, which is expressly incorporated herein by reference.

21. HHFL's May 9, 2025 demand letter also notified RHI and Oliver that, if the full amount owed was not paid as required under the parties' Agreements, HHFL reserved the right to exercise any and all rights and remedies available to it.

22. Subsequently, by letter dated October 10, 2025, HHFL extended the deadline for RHI to cure its financial default to December 19, 2025. Attached as Exhibit D is a true and correct copy of HHFL's letter addressed to RHI (with Oliver in copy) dated October 10, 2025, providing notice of RHI's failure to meet the pervious deadline to cure the default and demanding the then-past due amount of $707,170.67, as well as any amount that subsequently became due under the License, which is expressly incorporated herein by reference.

23. HHFL's October 10, 2025 demand letter notified RHI and Oliver that, if the full amount owed was not paid as required under the parties' Agreements or a mutually acceptable payment plan was not agreed upon pursuant to mutually executed formal documentation, HHFL would send the matter to external legal counsel who would file a lawsuit against RHI and Oliver to collect the amount owed.

24. HHFL's October 10, 2025 demand letter also stated: "pursuant to O.C.G.A. § 13-1-11, [RHI] is hereby notified that it has until [December 19, 2025] to pay in full the outstanding principal and interest amounts due and owing under the License Agreement without becoming liable for payment of [HHFL's] attorney's fees and costs."

25. RHI and Oliver failed to either pay the past-due balance owed to HHFL or enter into a payment plan with HHFL. Instead, they allowed the balance to grow. At the time of filing this Complaint, RHI owes $912,848.64 in unpaid System Fees under the License. A spreadsheet reflecting the unpaid System Fees, plus accrued interest, through February 18, 2026 is attached hereto as Exhibit E and is incorporated herein by reference.

26. To date, Defendants have refused to pay amounts due and owing to HHFL pursuant to the terms of the License Agreement and Guaranty.

27. RHI's refusal to timely pay HHFL amounts due under the License Agreement when those obligations come due each month constitutes one or more breaches of the License Agreement.

28. As Guarantor, Defendant Oliver's failure and refusal to pay RHI's financial obligations under the License Agreement when those obligations come due constitutes one or more breaches of the Guaranty.

29. HHFL is entitled to recover all such unpaid amounts pursuant to the License Agreement and/or Guaranty.

30. Additionally, pursuant to paragraph 3.B(5) of the License Agreement, all unpaid System Fees accrue interest at the rate of 1.5% per month. As alleged in Paragraph 25, *supra*, RHI owes $912,848.64 in unpaid System Fees under the License Agreement. Interest has accrued on the unpaid System Fees, through February 18, 2026, in the additional amount of $90,559.32. Thus, the total amount of unpaid System Fees and contractual interest owed to HHFL as of the date of this Complaint is $1,003,407.96. Interest continues to accrue at the contractual rate of 1.5% per month on the balance of unpaid System Fees.

31. Finally, in accordance with Paragraph 14.J of the License Agreement and the terms of the Guaranty, Defendants owe HHFL its reasonable attorneys' fees and costs incurred in enforcing its rights and recovering amounts due under the License Agreement and Guaranty.

32. By way of this Complaint and in accordance with O.C.G.A. § 13-1-11, Defendants are hereby notified of their breaches under the terms of the License Agreement and Guaranty and are further notified that HHFL demands that Defendants pay to HHFL their financial obligations under the License Agreement and the Guaranty in the amount of $1,003,407.96, reflecting $912,848.64 in unpaid System Fees and $90,559.32 in interest due and owing on that amount. HHFL also

notifies Defendants that they have ten days from service of this Complaint to pay in full to HHFL the principal and interest of their respective obligations under the License Agreement and the Guaranty without incurring attorney's fees.

33. All conditions precedent for bringing this lawsuit have been performed or waived.

## COUNT I:
## BREACH OF THE LICENSE AGREEMENT
## (AGAINST RHI HOTEL JV LLC)

34. HHFL re-alleges and incorporates by reference, as if set forth fully herein, the allegations contained in Paragraphs 1 through 33 of the Complaint.

35. The License Agreement constitutes a binding contract between HHFL and RHI.

36. RHI agreed in the License Agreement to "promptly pay to [HHFL] all amounts due [HHFL], its parents, subsidiaries and affiliates as royalties, or charges, whether or not arising out of [the License Agreement], or for goods or services purchased by [RHI] for use at the Hotel.".

37. RHI materially breached the License Agreement by failing to pay $912,848.64 in System Fees owed to HHFL, and the balance of these unpaid System Fees (along with interest) continues to accrue.

38. Pursuant to paragraph 3.B.(5) of the License Agreement, RHI is liable for interest on the $912,848.64 in unpaid System Fees accruing at the contractual rate of 1.5% per month, which continues to accrue through the time of judgment.

39. HHFL is entitled to a judgment against RHI for the foregoing amounts.

## COUNT II:
## BREACH OF THE GUARANTY
## (AGAINST SETH OLIVER)

40. HHFL re-alleges and incorporates by reference, as if set forth fully herein, the allegations contained in Paragraphs 1 through 39 of the Complaint.

41. HHFL entered into the Guaranty with Defendant Oliver, pursuant to which Oliver personally guaranteed the performance and payment of all of [RHI's] obligations under the License Agreement.

42. The Guaranty constitutes a binding contract between HHFL and Oliver.

43. HHFL notified Oliver of [RHI's] default under and breach of the License Agreement and demanded payment of the amounts due pursuant to the terms of the License Agreement and Guaranty.

44. Oliver has breached his obligations under the Guaranty because RHI breached the License Agreement in the manner described above (the performance of which Oliver guaranteed via the Guaranty) and by failing and refusing to pay RHI's financial obligations to HHFL.

45. Pursuant to the Guaranty, Oliver is liable to HHFL for the $912,848.64 in unpaid System Fees that RHI owes HHFL under the License Agreement.

46. Pursuant to paragraph 3.B.(5) of the License Agreement, Oliver is liable for interest on the $912,848.64 in unpaid System Fees accruing at the contractual rate of 1.5% per month, which continues to accrue through the time of judgment.

47. HHFL is entitled to a judgment against Defendant Oliver for the foregoing amounts.

## COUNT III:
## ATTORNEYS' FEES AND LITIGATION COSTS
## (AGAINST ALL DEFENDANTS)

48. HHFL re-alleges and incorporates by reference, as if set forth fully herein, the allegations contained in Paragraphs 1 through 47 of the Complaint.

49. The License Agreement requires RHI to pay HHFL's collection expenses, including reasonable attorneys' fees and court costs.

50. The Guaranty requires Defendant Oliver to pay HHFL's collection expenses, including reasonable attorneys' fees and court costs.

51. HHFL has incurred and continues to incur attorneys' fees in enforcing the terms of the License Agreement and the Guaranty and in collecting amounts due pursuant to the terms of the License Agreement and the Guaranty.

52. In accordance with O.C.G.A. § 13-1-11, HHFL hereby notifies RHI of its financial obligations under the License Agreement and that RHI has ten days from

receipt of such notice to pay to HHFL the principal and interest of such financial obligations without incurring attorneys' fees.

53. In accordance with O.C.G.A. § 13-1-11, HHFL hereby notifies Defendant Oliver of his financial obligations under the Guaranty and that he has ten days from receipt of such notice to pay to HHFL the principal and interest of such financial obligations without incurring attorneys' fees.

54. HHFL is entitled to a judgment granting it the reasonable attorneys' fees that it has incurred in bringing this lawsuit to collect Defendants' financial obligations pursuant to the License Agreement and the Guaranty.

55. In addition, and alternatively, Defendants have been stubbornly litigious by failing and refusing to pay their debts, causing HHFL unnecessary trouble and expense. Pursuant to O.C.G.A.§ 13-6-11, HHFL is entitled to recover all of its attorneys' fees and expenses of litigation.

56. HHFL is entitled to a judgment requiring Defendants to pay HHFL attorneys' fees and expenses of litigation.

## PRAYER FOR RELIEF

WHEREFORE, HHFL prays for the following relief:

a) That the Court enter judgment in favor of HHFL and against Defendants, jointly and severally, for unpaid System Fees owing to HHFL in the amount of $912,848.64, plus interest thereon at the contractual rate that has accrued

14

as of the date of this Complaint and interest that continues to accrue through the date of judgment;

b) That the Court enter judgment in favor of HHFL and against Defendants, jointly and severally, for the attorneys' fees and costs incurred in enforcing the terms of the License Agreement and Guaranty, including amounts incurred in collecting amounts due under the License Agreement and Guaranty, pursuant to O.C.G.A. §13-1-11 and/or pursuant to O.C.G.A. § 13-6-11;

c) That the Court tax all costs against Defendants; and

d) That the Court enter any such other relief as is just and proper.

Respectfully submitted, this 18th day of February, 2026.

**BARNES & THORNBURG LLP**

*/s/ Eric S. Fisher*
Eric S. Fisher
Georgia Bar No. 250428
Christina M. Baugh
Georgia Bar No. 241880
3340 Peachtree Road N.E., Suite 2900
Atlanta, GA 30326
Tel. (404) 846-1693 | Fax (404) 264-4033
Email: EFisher@btlaw.com
Email: CBaugh@btlaw.com

*Attorneys for Plaintiff*